IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAIUPU MYERS,  No. 2:13-CV-2209-CMK

      Plaintiff,

  vs.  ORDER

CALIFORNIA CHECK CASHING STORES, LLC,

      Defendant.

                                /

        Plaintiff, who is represented by retained counsel, brings this civil action for workplace discrimination. Pending before the court is plaintiff's motion for leave to amend (Doc. 15). The parties appeared before the undersigned for a hearing in Redding, California, on December 3, 2014. After hearing arguments, the matter was submitted.

        Where, as here, leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits

1 of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See

2 Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be

3 denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833

4 F.2d 183, 186 (9th Cir. 1987).

5        Plaintiff original complaint in this case names California Check Cashing Stores,

6 LLC ("CCCS"), as the only defendant.  Plaintiff seeks leave to amend in order to add an

7 additional defendant, Checksmart Financial, LLC ("Checksmart").  According to plaintiff, CCCS

8 is a fully-owned subsidiary of Checksmart.  Plaintiff adds:

> . . .[I]t remains dubious as to who Plaintiff's employer actually is in light of the fact that previously made known to this court that the Defendant, California Check Cashing maintains the store front where Plaintiff worked, all signs in the store point to that fact, and there is no reference anywhere on the premises that Checksmart has anything to do with the facility.  Furthermore, California Check Cashing is the only organization licensed to do business as a check cashing facility at this site.  Checksmart is not even mentioned other than it can do business in California but is not licensed to do business nor does it claim to have an office or store front in California.  Therefore the question of liability as to who is responsible for the hiring and firing of employees and the discrimination against such employees is presently not clear.  Nevertheless, the clear affiliation between the two organizations makes it plain that suing one is suing the other and suing the other is suing both.

Plaintiff does not state when she first learned that Checksmart was her employer.

According to defendant CCCS:

> . . .[I]n 2011, CCCS' remote parent was acquired by Community Choice Financial, Inc.  Soon after that transaction, the employment of all CCCS employees, including Plaintiff, terminated, and they were hired by Checksmart, a separate company. . . .

Defendant CCCS adds that plaintiff admitted at her August 2014 deposition that she believes Checksmart was her employer, not CCCS, because she moved from one employer to the other when CCCS' remote parent was acquired.  Defendant CCCS also states that plaintiff knew that her employer was in fact Checksmart because Checksmart was identified on plaintiff's W-2 and wage statements.  Defendant CCCS argues that allowing the proposed amendment to add

1  Checksmart as a defendant would be futile because: (1) all claims against Checksmart are barred
2  for failure to exhaust administrative remedies as to that entity; and (2) in any event, all claims
3  against Checksmart are time-barred.
4        As to exhaustion, defendant CCCS argues that plaintiff cannot meet this
5  jurisdictional requirement because she filed an administrative grievance against CCCS only and
6  not Checksmart, the proposed additional defendant.  In response, plaintiff persuasively argues
7  that the administrative grievance she filed against CCCS also applies as against Checksmart
8  because such grievances must be liberally construed and the two entities were intertwined at the
9  time.  According to plaintiff:

> . . .Although Plaintiff did not file an EEOC administrative claim [against Checksmart], Defendant, Checksmart, was still involved in the acts giving rise to the EEOC claim.  Checksmart and California Check Cashing share identical owners and corporate officers.  Furthermore, Defendant, Checksmart, was Plaintiff's employer and as such was involved in the employment practices alleged in Plaintiff's claim.

14        As to the statute of limitations, defendants' argument is predicated on the belief
15  that the amended complaint would not relate back in time to the filing date of the original
16  complaint because Plaintiff knew of Checksmart's role when she filed the original complaint.
17  Defendant is correct in that plaintiff's claims against Checksmart would indeed be time-barred if
18  she knew of Checksmart's role at the time she initially filed the action.
19        The key issue is when did plaintiff know that Checksmart was, or could be
20  considered, her employer?  If plaintiff knew, or should have known, this at the time she filed the
21  complaint, the relation-back doctrine would not apply and amendment to add Checksmart as a
22  defendant would be futile because all claims against such defendant would be time-barred.
23  Defendant attaches to its opposition to plaintiff's motion two earnings statements, from
24  December 2011 and January 2012, clearly showing that "Checksmart Financial, LLC" is listed as
25  plaintiff's employer.
26  / / /

This evidence could be sufficient to support the conclusion that plaintiff's claims would not relate back for statute of limitations purposes and, therefore, amendment should be denied as futile.  Nonetheless, defendant's argument is not persuasive as a basis for denying leave to amend.  First, defendant has provided no authority, and the court is aware of none, which says that the court may consider extrinsic evidence on a motion for leave to amend which will have the effect of forever shutting down plaintiff's claims against Checksmart.  Second, the record is not sufficiently developed on the issue of whether the earnings statements would be sufficient to have put plaintiff on notice of the identity of her employer.  Third, leave to amend should be granted freely.

Defendant's arguments – that plaintiff has not exhausted claims against Checksmart and that claims against Checksmart are time-barred – would more properly be litigated in the context of a motion to dismiss and/or a motion for summary judgment, particularly given that resolution of the issues will require consideration of extrinsic evidence.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 15) is granted;

2. The Clerk of the Court is directed to file as plaintiff's amended complaint the proposed amended complaint submitted on November 5, 2014, with plaintiff's motion (see Doc. 14); and

3. Plaintiff is directed to effect service of process on newly-named defendant, Checksmart.

DATED: February 5, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE