IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIUPU MYERS, | No. 2:13-CV-2209-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA CHECK CASHING STORES, LLC, | |
| Defendant. | |
| _____ / | |

Plaintiff, who is represented by retained counsel, brings this civil action for workplace discrimination.  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Final judgment was entered on August 10, 2015, following the grant of summary judgment in favor of defendant and plaintiff has appealed.  Pending before the court is defendant's motion (Doc. 42) for attorney's fees.

/ / /

/ / /

/ / /

1

This action proceeded on plaintiff's first amended complaint (Doc. 13), filed on February 6, 2015, against defendant Checksmart Financial, LLC.[1]  Plaintiff asserted the following claims:

| | | |
|---|---|---|
| Claim 1 | Wrongful Termination in Violation of Public Policy |
| Claim 2 | Breach of Implied Covenant of Good Faith and Fair Dealing |
| Claim 3 | Intentional Infliction of Emotional Distress |
| Claim 4 | Disability Discrimination |

In the amended complaint, plaintiff claimed that, at all relevant times, defendant was duly organized under the laws of California and/or authorized to do business in Butte County, California, and that defendant was actually doing business in Butte County under the name "California Check Cashing Stores."  Plaintiff stated that she began working for defendant on March 16, 2007, as a teller/cashier at defendant's Butte County location.  Plaintiff stated that her employment was pursuant to an "oral employment contract" and that, at all relevant times, she performed her duties and obligations under that agreement.  Plaintiff alleged that she was terminated on April 3, 2012 "by Defendants at their address in 1959 Webster Street, Suite 200, Oakland, California 94612" because of her pregnancy.  According to plaintiff, her termination violated public policy as well as California law, specifically the Fair Employment and Housing Act ("FEHA").

Defendant seeks an award of attorney's fees under the FEHA.  Specifically, California Government Code § 12965(b) provides that the court may, in its discretion, award attorney's fees to the prevailing party in a FEHA action.  Defendant cites Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416-17 (1978), for the proposition that an award of attorney's fees is appropriate against the plaintiff where the "action was frivolous, unreasonable, without

---

[1] Plaintiff sought and was granted leave to amend her original complaint in order to substitute defendant Checksmart, LLC, for California Check Cashing Stores, LLC ("CCCS"), which plaintiff states she inadvertently named in the original complaint.

foundation, or brought in bad faith." According to defendant, the court's order granting summary judgment establishes that the action was frivolous, unreasonable, and without foundation. Defendant notes the court's finding that "the undisputed evidence establishes that plaintiff knew, or at the very least should have known through the exercise of minimal diligence, that defendant [Checksmart] was her employer, not CCCS." Defendant seeks $87,067.50 in attorney's fees. Plaintiff argues that imposing such an award against an indigent litigant would "seriously discourage and impair discrimination cases."[2]

Defendant's position is persuasive. As the court determined in the order granting summary judgment, the undisputed evidence in this case indicates that plaintiff knew or should have known the identity of her employer when she initially filed suit in state court. For this reason, her action was "without foundation" as against defendant.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for attorney's fees (Doc. 42) is granted and defendant is awarded attorney's fees in the amount of $87, 067.50.

DATED: January 13, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff does <u>not</u> argue that the amount requested is unreasonable.