IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIUPU MYERS, | No. 2:13-CV-2209-CMK |
|     Plaintiff, | |
|   vs. | MEMORANDUM OPINION AND ORDER |
| CHECK SMART FINANCIAL, LLC, | |
|     Defendant. | |

Plaintiff, who is represented by retained counsel, brings this civil action for workplace discrimination.[1] Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Following the Ninth Circuit Court of Appeals' July 3, 2017, memorandum opinion concluding that plaintiff's claims are timely and exhausted, the matter is before the court on the remainder of defendant's motion for summary judgment (Doc. 28). The parties appeared before the undersigned on January 10, 2018, at 10:00 a.m., and following oral argument the matter was submitted.

---

[1] The action was removed to this court from the Butte County Superior Court based on diversity. See 28 U.S.C. § 1441(b).

# I. BACKGROUND

This action proceeds on plaintiff's first amended complaint (Doc. 13) against defendant Checksmart Financial, LLC. Plaintiff asserts the following claims:

| | | |
|---|---|---|
| Claim 1 | | Wrongful Termination in Violation of Public Policy |
| Claim 2 | | Breach of Implied Covenant of Good Faith and Fair Dealing |
| Claim 3 | | Intentional Infliction of Emotional Distress |
| Claim 4 | | Disability Discrimination in Violation of California Government Code § 12940. |

Plaintiff's claims were initially filed in state court and later removed by defendant under this court's diversity jurisdiction (plaintiff is a California resident and defendant is a Delaware corporation).

### A. **Plaintiff's Factual Allegations**

Plaintiff states that she began working for defendant on March 16, 2007, as a teller/cashier at defendant's Butte County location. Plaintiff states that her employment was pursuant to an "oral employment contract" and that, at all relevant times, she performed her duties and obligations under that agreement. Plaintiff alleges that she was terminated on April 3, 2012 because of her pregnancy. According to plaintiff, her termination violates public policy as well as California law.

### B. **The Parties' Evidence**

According to defendant, the following facts are undisputed:

1. Plaintiff was employed as a teller/cashier in 2007.

2. Plaintiff was an "at-will" employee of defendant and plaintiff's wage statements and W-2s identified defendant as her employer.

3. Plaintiff received defendant's employee handbook which stated that defendant would "consider requests for reasonable accommodations for disabling conditions related to pregnancy, childbirth, or related medical conditions if requested" and that the employee "must provide a certification from her medical provider setting forth her medical restrictions which includes the dates . . . the restrictions will be in place."

4. At all relevant times, defendant maintained an attendance policy providing that employees who fail to call in and report for work will be considered to have abandoned their employment.

5. In early 2012, while an employee of defendant, plaintiff requested leave related to her pregnancy and anticipated childbirth.

6. Plaintiff failed to include the required medical certification with her request.

7. Defendant sent plaintiff a letter on February 17, 2012, asking plaintiff to submit a medical certification by March 12, 2012, warning plaintiff that the failure to provide the medical certification could result in denial of the requested leave.

8. Defendant sent plaintiff a second letter on March 13, 2012, informing plaintiff that her request for leave had been denied because she did not provide the medical certification, but that the denial could be reconsidered if plaintiff provided the medical certification by March 26, 2012, after which time plaintiff's request for leave would be considered withdrawn.

9. Defendant sent plaintiff a third letter on March 28, 2012, making a final request for the medical certification and informing plaintiff that the certification is "necessary to approve your leave of absence and secure your position with the company."

10. On April 4, 2012, defendant informed plaintiff that her by-then prolonged absence from work was considered unexcused due to her failure to provide the medical certification supporting her leave request, and that her employment had been terminated pursuant to defendant's attendance policy.

11. On April 4, 2012, defendant also informed plaintiff that she could reapply for her position.

12. Plaintiff reapplied but was considered ineligible for re-hire because she refused to repay a debt she owed defendant.

Defendant's statement of undisputed facts is based on the declaration of Pagle Helterbrand, defendant's Vice President for Human Resources, and exhibits thereto, as well as testimony from plaintiff's August 5, 2014, deposition. Relevant exhibits from plaintiff's deposition include the following:

| | |
|---|---|
| Exhibit 4 | Acknowledgment of receipt of employee handbook signed by plaintiff on June 6, 2011. |
| Exhibit 7 | February 17, 2012, letter to plaintiff from Ashley Rymer, defendant's Benefits Administrator, instructing plaintiff to return a |

| | | |
|---|---|---|
| 1 | | completed Certification of Health Care Provider form by March 12, 2012. The letter cautioned: "Failure to provide certification may result in denial of continuation of leave." |
| 2 | | |
| 3 | Exhibit 10 | March 13, 2012, letter to plaintiff from Ashley Rymer regarding non-receipt of a completed Certification of Health Care Provider form. Plaintiff was advised that her leave had been denied and that "the company absence policies will apply for any days you have or will miss." Plaintiff was also advised that her leave request could be re-opened if she returned the completed Certification of Health Care Provider form by March 26, 2012. Plaintiff was informed that failure to comply with this deadline would be construed as withdrawal of her leave request. |
| 8 | Exhibit 11 | March 28, 2012, letter to plaintiff from Ashley Rymer, sent via Federal Express delivery, regarding the absent Certification of Health Care Provider form. Plaintiff was given one final deadline of April 2, 2012, to return the completed form. Plaintiff was again cautioned that "[t]he company's attendance policy will be applied to your absences." |

According to plaintiff, the following facts are undisputed:

1. Plaintiff's last day at work before her pregnancy leave was January 20, 2012.

2. Plaintiff provided her employer the "form for disability benefits" on January 25, 2012.

3. "After her hospital visit on January 20, 2012" plaintiff provided her employer "papers from the emergency room and a doctor's note confining Plaintiff to bedrest."

4. Plaintiff gave birth on March 4, 2012.

5. On April 4, 2012, plaintiff contacted her employer and was told she was terminated.

6. Plaintiff was told she could be re-hired if she paid $400 she owed on the company credit card.

According to plaintiff, the following facts are in dispute:

1. Plaintiff disputes defendant's contention that, on February 17, 2012, defendant sent her a letter asking plaintiff to return a completed medical certification by March 12, 2012.

2. Plaintiff disputes defendant's contention that she did not return a completed medical certification.

4

|   |   |   |
|---|---|---|
| | 3. | Plaintiff disputes defendant's contention that, on March 13, 2012, defendant sent her a letter stating her request for leave had been denied for failure to submit the completed medical certification and that her leave request could be reconsidered if she submitted the completed medical certification. |
| | 4. | Plaintiff disputes defendant's contention that plaintiff failed to comply with the March 13, 2012, letter. |
| | 5. | Plaintiff disputes defendant's contention that defendant sent plaintiff a letter by Federal Express delivery on March 28, 2012, once again requesting the medical certification necessary to approve her leave request. |
| | 6. | Plaintiff disputes defendant's contention that plaintiff failed to comply with the March 28, 2012, letter. |

As to each of these disputed facts, plaintiff states: "Plaintiff gave Defendant the notes from the emergency room and a doctor's note on January 20, 2012, taking Plaintiff off work until after Plaintiff delivered her baby." Plaintiff's statements of undisputed and disputed facts are based on her declaration filed in opposition to summary judgment. Plaintiff has not provided the court with copies of the emergency room notes or doctor's note referenced in her declaration.

## II. STANDARDS FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings,

        depositions, answers to interrogatories, and admissions on file, together
with the affidavits, if any," which it believes demonstrate the absence of a
genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed

before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III. DISCUSSION

Defendant argues that summary judgment in its favor is appropriate because plaintiff's termination was based on a legitimate non-discriminatory reason. See Guz v. Bechtel National, Inc., 24 Cal. 4th 317 (2000); Green v. State of California, 42 Cal. 4th 254 (2007). Specifically, defendant argues that plaintiff failed to provide information necessary to excuse her absences and that she was fired under the company's attendance policy.

When the plaintiff in an employment discrimination case makes a prima facie case of discrimination, the burden shifts to the employer to produce evidence that its action was taken for a legitimate non-discriminatory reason. See Guz, 24 Cal. 4th at 354-56. If the employer meets this burden, the burden shifts once again back to the plaintiff to show that the employer's reason was pretext for discrimination. See Horn v. Cushman & Wakefield Western, Inc., 72 Cal. App. 4th 798, 807 (1999); see also Guz, 24 Cal. 4th at 360. The plaintiff meets this burden with evidence that shows weaknesses, implausibilities, inconsistencies, or contradictions in the employer's explanation for its action. See Morgan v. Regents of the University of California, 88 Cal. App. 4th 52, 72 (2000); see also Dep't of Fair Employment and Housing v. Lucent Technologies, 642 F.3d 728, 746 (9th Cir. 2011) (citing Morgan). Where evidence of pretext is circumstantial and not direct, the plaintiff must provide specific and substantial facts to create a

triable issue of pretext. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir. 1998).

California law permits employers to require written medical certification as a condition to granting pregnancy leave. See 2 Cal. Code Reg. § 11050(b); see also Cal. Code Reg. § 11050(c)(1). In this case, plaintiff does not deny that she failed to provide the Certification of Health Care Provider form completed by her doctor, despite numerous letters from defendant. According to defendant, plaintiff's request for pregnancy leave was denied for this reason and she was terminated based on unexcused absences. Defendant has rebutted any presumption of discrimination by providing evidence of a legitimate non-discriminatory reason – in this case violation of defendant's attendance policy – for plaintiff's termination. The burden shifts to plaintiff to provide evidence of pretext.

In opposition to defendant's motion, plaintiff contends:

> Here in Myers, the Defendants do not make a claim that it did not know of Plaintiff's pregnancy nor that it did not receive any medical documents from the Plaintiff. It simply is complaining that the Plaintiff did not comply with the Defendants own requirements for documentation.

Plaintiff argues:

> Since there is a claim by the Defendants that the Plaintiff provided them with inadequate paperwork and a claim by the Plaintiff that she provided paperwork consistent with previous pregnancies in which she complied with her employer's requirements by giving them a note from her doctor and medical reports was sufficient she has presented an issue of fact for a trier of fact.

Plaintiff's argument is not supported by admissible evidence. Plaintiff has not provided the court with copies of the doctor's note or medical report she claims she provided to defendant on January 25, 2012, following her hospital stay on January 20, 2012, nor has plaintiff submitted any evidence of "paperwork consistent with previous pregnancies" submitted in compliance with defendant's requirements. In fact, there is no evidence that plaintiff was employed by defendant during any prior pregnancy. Plaintiff has simply provided no admissible evidence to undermine defendant's evidence showing that plaintiff was terminated for unexcused

absences.

Plaintiff cites to portions of her deposition as evidence that defendant knew about her doctor's requirement of bedrest and, by implication, her termination for failure to provide the requested Certification of Health Care Provider form was a pretext. Specifically, she cites the following testimony:

> Q. Okay. Did you give any of it, the ER note or the doctor's note that you receive on that Monday [January 20, 2012], did you give either of those to Veronica?
>
> A. Yes.
>
> Q. Okay. Which ones did you give to her?
>
> A. Both, the one from the emergency and then the one from the doctor's note.
>
> Q. And what did the doctor's note say?
>
> A. Releasing me for bedrest.
>
> Q. And do you recall for how long?
>
> A. Until after I had the baby.
>
> * * *
>
> Q. Okay. And when – and you gave that note, the light duty note, to Veronica?
>
> A. Yes.
>
> Q. Okay. And did you have any discussions with Veronica about that doctor's release?
>
> A. She said that she was going to turn it in showing that I'm released from the doctor to come back to work and she'll give me a call.

This evidence is inadmissable hearsay to the extent plaintiff is offering her testimony as to the contents of the emergency room notes, doctor's note, or statements made by Veronica. See Fed. Rules of Evid. 801(c), 802. Plaintiff has offered no admissible evidence that she ever provided any medical information or notes to defendant, nor has she provided any admissible evidence of the contents of such medical information or notes.

9

At the hearing, plaintiff's counsel cited <u>Cornell v. Berkeley Tennis Club</u>, DJ DAR 12149 (2017), in support of her position that there is a triable issue of fact as to whether defendant's reason for terminating plaintiff was pretext. The California Court of Appeal, however, did not reach the issue of pretext in <u>Cornell</u>. Instead, the court concluded that the defendant had failed to meet its summary judgment burden of showing a complete lack of proof of one of the elements of plaintiff's prima facie case. The defendant in this case has made no such argument.

Plaintiff's counsel also cited <u>Moore v. Regents of the University of California</u>, DJ DAR 5990 (2016), in support of her position that her declaration alone is sufficient to defeat defendant's motion for summary judgment. In <u>Moore</u>, the California Court of Appeal held that the trial court erred in granting summary judgment because the plaintiff had offered evidence that the employer's reason for terminating her may have been pretext for discrimination based on disability. Specifically, the plaintiff presented evidence that the employer's reason for terminating her – corporate restructuring – may have been untrue, that her employer did not believe that she could perform her job duties, that her employer considered the plaintiff to have "adverse" health problems, that her employer felt the plaintiff was "a liability," and that her employer failed to comply with its own policies and procedures. <u>Moore</u> stands in stark contrast to the instant case in which plaintiff has presented no admissible evidence whatsoever to support her position that defendant's reason for terminating her – specifically, plaintiff's failure to submit required paperwork concerning a medical need for a leave of absence – was pretext for discrimination.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (Doc. 28) is granted as to all claims;

10

2. Plaintiff's motion to modify the scheduling order (Doc. 60) is denied as moot; and

3. The Clerk of the Court is directed to enter judgment in favor of defendant and close this file.

DATED: March 13, 2018

                                                          **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE