IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIUPU MYERS, | No. 2:13-CV-2209-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| CALIFORNIA CHECK CASHING STORES, LLC, | |
| Defendant. | |
| _____ / | |

Plaintiff, who is represented by retained counsel, brought this civil action for workplace discrimination. Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. <u>See</u> 28 U.S.C. § 636(c). Final judgment was entered on March 13, 2018, following the grant of summary judgment in favor of defendant and plaintiff has appealed. Pending before the court is defendant's motion (Doc. 66) for attorney's fees.[1] The parties appeared for oral argument before

---

[1] Also before the court is plaintiff's motion (Doc. 70) for leave to proceed in forma pauperis on appeal. That motion will be denied without prejudice to requesting relief from the Ninth Circuit Court of Appeals.

1

the undersigned in Redding, California, on June 6, 2018. Larry Baumbach, Esq., appeared for plaintiff. Katherine Catlos, Esq., appeared for defendant. After considering arguments, the matter was submitted.

The court granted summary judgment in favor of defendant because plaintiff failed to submit any admissible evidence supporting her claim that her termination was pretext for discrimination. In particular, the court concluded: "Plaintiff has simply provided no admissible evidence to undermine defendant's evidence showing that plaintiff was terminated for unexcused absences." As the prevailing party on plaintiff's claim under California's Fair Employment and Housing Act of 1959, Cal. Gov't Code §§ 12900-12996, defendant is entitled to reasonable attorneys' fees. See Cal. Gov't Code § 12965(b). Such fees are recoverable when the "action was frivolous, unreasonable, without foundation, or brought in bad faith." Chavez v. City of Los Angeles, 47 Cal. 4th 970, 985 (2010) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416-17 (1978)).

Defendant argues:

> Under this standard, Defendants are entitled to their attorney's fees because Plaintiff was unable to present any evidence that Checksmart's reason for terminating her was not legitimate or non-discriminatory. Plaintiff was also unable to provide any evidence that the reason was pretextual. Plaintiff's inability to do so demonstrates she was aware that there were no facts available to support her claims against Defendants. If such evidence existed, Plaintiff could have requested her medical records from her treating physician to establish she provided the required documentation to Checksmart. Plaintiff's failure to obtain this evidence indicates it never existed.

Defendant cites EEOC v. Jordan Graphics, Inc., 769 F. Supp. 1357, 1386 (W.D.N.C. 1991) for the proposition that an award of attorneys' fees is appropriate where the plaintiff should have been aware that no specific employment practice of the defendant could be identified as being discriminatory. Defendant seeks $149,545.40 in attorneys' fees. In her opposition, plaintiff does not dispute the amount of fees sought. Rather, she argues that defendant is not entitled to attorneys' fees at all because her case was not frivolous, unreasonable, without foundation, or

2

brought in bad faith. Plaintiff also suggests that awarding fees and costs associated with a prior judgement in this case that was later overturned by the Ninth Circuit would not be fair.

Defendant's argument is persuasive. Specifically, as defendant notes, plaintiff could have met her burden and possibly avoided summary judgment against her by producing relevant portions of her medical record which supported her contention. As the court observed in granting summary judgment:

> Plaintiff's argument is not supported by admissible evidence. Plaintiff has not provided the court with copies of the doctor's note or medical report she claims she provided to defendant on January 25, 2012, following her hospital stay on January 20, 2012, nor has plaintiff submitted any evidence of "paperwork consistent with previous pregnancies" submitted in compliance with defendant's requirements. In fact, there is no evidence that plaintiff was employed by defendant during any prior pregnancy. . . .

Plaintiff's failure to provide the court with medical evidence which, if it existed, was easily available to her suggests that no such evidence ever existed and her action was frivolous, unreasonable, without foundation, and brought in bad faith.

As noted above, plaintiff does not dispute the amount of fees requested other than to suggest that awarding fees associated with appeal of a prior judgment in this case would not be fair. The court agrees and will offset the amount requested in this motion by the amount previously awarded in relation to the prior judgment, specifically $87,067.50.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for attorney's fees (Doc. 66) is granted and defendant is awarded attorney's fees in the amount of $62,477.90; and

/ / /

/ / /

/ / /

/ / /

/ / /

2. Plaintiff's motion for leave to proceed in forma pauperis on appeal (Doc. 70) is denied without prejudice to seeking relief in the Ninth Circuit Court of Appeals.

DATED: August 21, 2018

						_____
						**CRAIG M. KELLISON**
						UNITED STATES MAGISTRATE JUDGE